UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:04-CR-74-KSF

UNITED STATES OF AMERICA            PLAINTIFF

v.            **OPINION & ORDER**

SEAN FRANCIS            DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the *pro se* motion [DE #37] of the defendant, Sean Francis, to vacate his sentence pursuant to 28 U.S.C. § 2255. Consistent with local practice, this matter was referred to the Magistrate Judge for consideration. Upon review of the United States' response [DE #44], the Magistrate Judge determined that a limited evidentiary hearing was necessary and counsel was subsequently appointed for Francis [DE #48]. An evidentiary hearing was held on October 18, 2010, and the parties filed their post-hearing briefs [DE #64, 69].

    The Magistrate Judge entered his Order and recommendation on December 30, 2010 [DE #70], wherein he recommends denying Francis' motion for § 2255 relief on all grounds. The Magistrate Judge recommends rejection of Francis' due process argument related to whether he was properly advised of the possibility of civil commitment proceedings prior to stipulating to certain supervised release violations. Reviewing the relevant case law, including the recent decision by the United States Supreme Court in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), the Magistrate Judge determined that due process does not require that Francis be advised of the possibility of civil commitment before or during the supervised release revocation proceeding. Unlike *Padilla*, where

the defendant faced nearly automatic deportation proceedings as a result of his guilty plea, this case involves the civil commitment statute, 18 U.S.C. § 4248. As the Magistrate Judge explained, this statute requires significant proof by the United States in a contested proceeding; thus civil commitment cannot be said to automatically or certainly occur. As a result, the Magistrate Judge determined the alleged failure to advise Francis of the possibility of discretionary civil commitment proceedings does not violate his due process rights.

Next, the Magistrate Judge carefully reviewed the record and found that Francis failed to establish deficient performance of his counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Instead, the Magistrate Judge determined that the record reflects Francis' counsel advised him of the civil commitment possibility and carefully crafted a strategy specifically designed with respect to avoiding civil commitment. Additionally, the Magistrate Judge concluded that Francis failed to establish prejudice, as required by *Strickland*. Although Francis may regret the strategic decision to stipulate to the supervised release violations, the record reflects that Francis conferred with his counsel about the possibility of civil commitment and designed a strategy to avoid creating a record which may later induce civil commitment. The fact that this strategy may fail is not enough to establish prejudice. The Magistrate Judge also noted that the record strongly supports a finding that Francis violated the terms of his supervised release; thus he suffered no prejudice from this strategy.

The Magistrate Judge then turned to Francis' claim that his stipulation to the supervised release violations was not knowing and voluntary. Because of the record reflecting the agreed-upon strategy to stipulate to the charges in order to limit the record, the Magistrate Judge found no merit to Francis' argument that he waived his right to a hearing and stipulated to the violations without having been advised of the possibility of a civil commitment. To the extent that Francis claims that

2

his waiver failed to comply with Rule 32.1 of the Federal Rules of Criminal Procedure, the Magistrate Judge noted that at the hearing Francis responded that he understood that he would be stipulating to all three violations and that he had knowledge of the penalties in the agreement and proffer to the Court. Under the "totality of the circumstances," the Magistrate Judge concluded that his response, along with the testimony of Francis' counsel that he had detailed discussions with Francis about his rights, supports a finding that Francis made a knowing, voluntary, and intelligent waiver of his rights.

Finally, the Magistrate Judge considered whether a Certificate of Appealability should issue in this case. Based on his analysis set forth above, the Magistrate Judge recommends that no Certificate of Appealability should issue.

Francis filed objections to the Magistrate Judge's report and recommendation on January 11, 2011 [DE #71]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). Francis essentially reasserts the arguments raised in his original motion. Additionally, however, he argues that *Bauder v. Dept. of Corrections for the State of Florida*, 619 F.3 1272 (11th Cir. 2010), extends the Supreme Court's decision in *Padilla* so that any misadvice as to the effects of a guilty plea may be grounds for ineffective assistance of counsel. However, *Bauder* is factually distinguishable from the present case. In *Bauder*, the defendant's counsel advised him that he would not be subject to civil commitment under Florida law if he plead guilty to stalking. In this case, the evidence reveals that Francis' counsel advised him that he could be subject to civil commitment proceedings. Unlike *Bauder*, there is no evidence here that Francis received any misadvice.

Having considered the defendant's objections, which the Court finds to be without merit, and

having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's report and recommendation. Therefore, the defendant's objections will be overruled.

In determining whether a certificate of appealability should issue as to the defendant's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. In the present case, the Court determines that Francis has not presented a close call or one which is "debatable," and a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that

(1) the Magistrate Judge's report and recommendation [DE #70] is **ADOPTED** as and for the opinion of the Court;

(2) the defendant's objections to the Magistrate Judge's report and recommendation [DE #71] are **OVERRULED**;

(3) the defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [DE #37] is **DENIED**;

(4) judgment will be entered contemporaneously with this opinion and order in favor of the United States; and

(5) this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the defendant has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue.

This March 31, 2011.

**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**